**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| LORRAINE SANCHEZ<br>125 Tuckerton Road<br>Reading, PA 19605<br><br>    Plaintiff,<br><br>    v.<br><br>JAY DEV, LLC d/b/a DUNKIN DONUTS<br>275 S. Bryn Mawr, Ave H13<br>Bryn Mawr, PA 19010<br><br>    Defendant. | :<br>:<br>:<br>:<br>:   CIVIL ACTION<br>:<br>:   CASE NO.:<br>:<br>:<br>:<br>:<br>:<br>:<br>: |

**<u>CIVIL ACTION COMPLAINT</u>**

Lorraine Sanchez, (hereinafter referred to as "Plaintiff "unless indicated otherwise), by and through her undersigned counsel, hereby avers as follows:

**<u>INTRODUCTION</u>**

1.  This action has been initiated by Plaintiff against Defendant Jay Dev LLC d/b/a Dunkin Donuts (hereinafter referred to as "Defendant" unless indicated otherwise) for violations of Title VII of the of the Civil Rights Act of 1964, the Pennsylvania Human Relations Act ("PHRA")[1] and the Pennsylvania Wage and Collection Law ("WPCL" - 43 P.S. §§ 260.1 et. seq.). Plaintiff asserts, *inter alia*, that she experienced unlawful workplace discrimination and retaliation, culminating in her termination from Defendant. As a direct consequence of Defendant's unlawful actions, Plaintiff seeks damages as set forth herein.

---

[1] Plaintiff's claims under the PHRA are referenced herein for notice purposes. She is required to wait 1 full year before initiating a lawsuit from date of dual-filing with the EEOC. Plaintiff must however file her lawsuit in advance of same because of the date of issuance of her federal right-to-sue letter under Title VII. Plaintiff's PHRA claims however will mirror identically her federal claims under Title VII.

1

**JURISDICTION AND VENUE**

2. This Court has original subject matter jurisdiction over the instant action pursuant to 28 U.S.C. §§1331 and 1343(a)(4) because it arises under laws of the United States and seeks redress for civil rights violations under Title VII.

3. This Court may properly maintain personal jurisdiction over Defendant because Defendant's contacts with this state and this judicial district are sufficient for the exercise of jurisdiction in order to comply with traditional notions of fair play and substantial justice, satisfying the standard set forth by the United States Supreme Court in *International Shoe Co. v. Washington*, 326 U.S. 310 (1945) and its progeny.

4. Pursuant to 28 U.S.C. §1391(b)(1) and (b)(2), venue is properly laid in this district because all of the acts and/or omissions giving rise to the claims set forth herein occurred in this judicial district.

5. Plaintiff filed a Charge of discrimination and retaliation with the Equal Employment Opportunity Commission ("EEOC"). Plaintiff has properly exhausted her administrative proceedings before initiating this action by timely filing her Charge with the EEOC, and by filing the instant lawsuit under Title VII within 90 days of receiving a right-to-sue letter from the EEOC.

**PARTIES**

6. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

7. Plaintiff is an adult individual, with an address as set forth in the caption

8. Defendant Jay Dev, LLC is a Pennsylvania corporation that owns and operates restaurants, under the name Dunkin Donuts, with a location at the above-captioned address.

9. At all times relevant herein, Defendant acted by and through its agents, servants and/or employees, each of whom acted at all times relevant herein in the course and scope of their employment with and for Defendant.

**FACTUAL BACKGROUND**

10. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

11. Plaintiff is a member of the Pentecostal Church.

12. As a member of the aforementioned Church, Plaintiff's closely held religious beliefs include different practices, such as women traditionally wearing skirts or dresses, as pants are not typically permitted.

13. Plaintiff was hired by Defendant on or about April 1, 2025, as a Crew Member.

14. At all times relevant herein, Plaintiff was supervised by manager – Alyson Wentz (hereinafter "Wentz").

15. On or about April 14, 2025, Plaintiff reported to her first regularly scheduled day of work for Defendant.

16. On the same day, Wentz sent Plaintiff home for wearing a long denim skirt and not jeans.

17. Plaintiff expressed to Wentz that she could not wear jeans due to her strongly held religious beliefs (which precluded her from wearing pants).

18. Plaintiff further provided alternative accommodations to Wentz, including wearing long khaki or denim skirts instead, which were permitted by her aforementioned religion.

19. In response, Wentz told Plaintiff that she would "speak to management" but was sending her home due to alleged safety concerns.

20.      Thereafter, Wentz texted Plaintiff an **<u>ultimatum</u>** of either giving up her closely held religious beliefs by wearing pants to work or losing her job.

21.      Specifically, Wentz stated "So I was told that it is Dunkin policy to wear pants and if you cannot do that I completely understand, no hard feelings."



22.      In response to the aforementioned, Plaintiff responded "I know this wasn't your call but I do [want] to ask who made the final decision and do you think if I would speak for myself and explain my religion which also requires me to not wear makeup, earrings, etc., And possibly change the outcome rather than fire me."

23.      In response to Plaintiff's question, Wentz sent a text to Plaintiff with a screenshot of Google AI search (purportedly received from Defendant's owner) which outlines why skirts may allegedly not be safe in the work place and stated "It's just not safe" and "It's also not going to change the outcome," referring to Plaintiff's religious beliefs and need for a religious accommodation (of wearing a long skirt instead of pants).

24.      Upon information and belief, Dunkin franchises (including Defendant) allow employees to wear garments other than pants which would pose more of a safety hazard than that of a long skirt, even allowing employees to wear shorts if they choose.

4

25.     Plaintiff's requested accommodation caused no undue hardship and was easy to grant.

26.     Plaintiff believes and therefore avers that her religion was a motivating or determinative factor in Defendant's decision to terminate her employment.

27.     Plaintiff also believes and therefore avers that she was terminated in retaliation for engaging in protected activity under Title VII, including for requesting an accommodation.

28.     Plaintiff further avers that Defendant's refused to engage in the interactive process and accommodate her requests for a religious accommodation.

## COUNT I
## Violations of Title VII of the Civil Rights Act of 1964 ("Title VII")
### ([1] Religious Discrimination & [2] Retaliation)

29.     The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

30.     Plaintiff believes and therefore avers that her religion was a motivating or determinative factor in Defendant's decision to terminate her employment.

31.     Plaintiff also believes that Defendant terminated her in retaliation for requesting a religious accommodation.

32.     Lastly, Plaintiff avers that she was terminated as a direct result of Defendant's failure to engage in the interactive process and/or accommodate her religious beliefs.

33.     The actions of Defendant, through its agents, servants, and employees, in terminating her employment for discriminatory/retaliatory reasons and/or failing to accommodate her religious beliefs constitute violations of Title VII.

**COUNT II**
**Violations of the Pennsylvania Wage Payment and Collection Law ("WPCL")**
**(Non-Payment of Wages / Unlawful Wage Retention)**

34.　　The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

35.　　Plaintiff had an agreement with Defendant whereby Defendant agreed to compensate Plaintiff for all services she performed during her employment at rate of $12.00 per hour and $77.00 for completing a training video.



36.　　Defendant failed to properly compensate Plaintiff for wages owed during her employment, for approximately one (1) *training* workday and one (1) *scheduled* workday, between April 1, 2025 and April 14, 2025.

37.　　Plaintiff performed the agreed-upon services for Defendant, and Defendant failed to properly compensate Plaintiff for the services rendered at her hourly rate as assured, previously agreed upon, and contractually owed and/or unlawfully made deductions to her weekly pay during the aforesaid relevant period.

6

38.     To date, Plaintiff has not been paid for the wages she was owed.

39.     These actions as foresaid constitute violations of the Pennsylvania Wage Payment and Collection Law.

**WHEREFORE**, Plaintiff prays that this Court enter an Order providing that:

A.      Defendant is to promulgate and adhere to a policy prohibiting discrimination and retaliation in the future against any employee(s);

B.      Defendant is to compensate Plaintiff, reimburse Plaintiff, and make Plaintiff whole for any and all pay, and benefits Plaintiff would have received had it not been for Defendant's illegal actions, including but not limited to back pay, front pay, salary, pay increases, bonuses, insurance, benefits, training, promotions, reinstatement and seniority;

C.      Plaintiff is to be awarded punitive and/or liquidated damages, as permitted by applicable law, in an amount believed by the Court or trier of fact to be appropriate to punish Defendant for its willful, deliberate, malicious and outrageous conduct and to deter Defendant from engaging in such misconduct in the future;

D.      Plaintiff is to be accorded equitable and legal relief as the Court deems just, proper and appropriate (including but not limited to damages for emotional distress, pain, suffering and humiliation);

E.      Plaintiff is to be awarded the costs and expenses of this action and reasonable attorney's fees as provided by applicable federal and state law; and

F.      Plaintiff demands trial by jury on all issues so triable consistent with Fed. R. Civ. P. 38(a)(1).

Respectfully submitted,

**KARPF, KARPF & CERUTTI, P.C.**

By: _____
Ari R. Karpf, Esq. (91538)
8 Interplex Drive, Suite 210
Feasterville-Trevose, PA 19053
215-639-0801 (P)
215-639-4970 (F)
akarpf@karpf-law.com

Dated: March 30, 2026

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

**CASE MANAGEMENT TRACK DESIGNATION FORM**

| | | |
|---|---|---|
| Lorraine Sanchez | : | CIVIL ACTION |
| v. | : | |
| Jay Dev, LLC d/b/a Dunkin Donuts | : | NO. |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.      ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health and Human Services denying plaintiff Social Security Benefits.      ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.   ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from exposure to asbestos.      ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are commonly referred to as complex and that need special or intense management by the court. (See reverse side of this form for a detailed explanation of special management cases.)      ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.   (x )

| | | |
|---|---|---|
| 3/30/2026 | | Plaintiff |
| **Date** | **Attorney-at-law** | **Attorney for** |
| 215-639-0801 | 215-639-4970 | akarpf@karpf-law.com |
| **Telephone** | **FAX Number** | **E-Mail Address** |

**(Civ. 660) 10/02**

10/2024

**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

**DESIGNATION FORM**

Place of Accident, Incident, or Transaction: __Defendants place of business_____

---

***RELATED CASE IF ANY:*** Case Number:_____ Judge:_____

1.  Does this case involve property included in an earlier numbered suit?                                    Yes ☐

2.  Does this case involve a transaction or occurrence which was the subject of an earlier numbered suit?     Yes ☐

3.  Does this case involve the validity or infringement of a patent which was the subject of an earlier numbered suit?   Yes ☐

4.  Is this case a second or successive habeas corpus petition, social security appeal, or pro se case filed by the same   Yes ☐
    individual?

5.  Is this case related to an earlier numbered suit even though none of the above categories apply?          Yes ☐
    If yes, attach an explanation.

I certify that, to the best of my knowledge and belief, the within case ☐ **is** / ☒ **is not** related to any pending or previously terminated action in this court.

---

**Civil Litigation Categories**

*A.*  ***Federal Question Cases:***

☐  1.  Indemnity Contract, Marine Contract, and All Other Contracts)
☐  2.  FELA
☐  3.  Jones Act-Personal Injury
☐  4.  Antitrust
☐  5.  Wage and Hour Class Action/Collective Action
☐  6.  Patent
☐  7.  Copyright/Trademark
☐  8.  Employment
☐  9.  Labor-Management Relations
☒  10. Civil Rights
☐  11. Habeas Corpus
☐  12. Securities Cases
☐  13. Social Security Review Cases
☐  14. Qui Tam Cases
☐  15. Cases Seeking Systemic Relief  **\*see certification below\***
☐  16. All Other Federal Question Cases. *(Please specify)*:_____

*B.*  ***Diversity Jurisdiction Cases:***

☐  1.  Insurance Contract and Other Contracts
☐  2.  Airplane Personal Injury
☐  3.  Assault, Defamation
☐  4.  Marine Personal Injury
☐  5.  Motor Vehicle Personal Injury
☐  6.  Other Personal Injury *(Please specify)*:_____
☐  7.  Products Liability
☐  8.  All Other Diversity Cases: *(Please specify)*_____
       _____

I certify that, to the best of my knowledge and belief, that the remedy sought in this case ☐ **does** / ☒ **does not** have implications beyond the parties before the court and ☐ **does** / ☒ **does not** seek to bar or mandate statewide or nationwide enforcement of a state or federal law including a rule, regulation, policy, or order of the executive branch or a state or federal agency, whether by declaratory judgment and/or any form of injunctive relief.

---

**ARBITRATION CERTIFICATION (CHECK ONLY ONE BOX BELOW)**

I certify that, to the best of my knowledge and belief:

☒  Pursuant to Local Civil Rule 53.2(3), this case is not eligible for arbitration either because (1) it seeks relief other than money damages; (2) the money damages sought are in excess of $150,000 exclusive of interest and costs; (3) it is a social security case, includes a prisoner as a party, or alleges a violation of a right secured by the U.S. Constitution, or (4) jurisdiction is based in whole or in part on 28 U.S.C. § 1343.

☐  None of the restrictions in Local Civil Rule 53.2 apply and this case is eligible for arbitration.

NOTE: A trial de novo will be by jury only if there has been compliance with F.R.C.P. 38.

JS 44 (Rev. 04/21)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

SANCHEZ, LORRAINE

## DEFENDANTS

JAY DEV, LLC D/B/A DUNKIN DONUTS

**(b)** County of Residence of First Listed Plaintiff   Berks
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant   Delaware
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*

Ari R. Karpf, Esq.; Karpf, Karpf & Cerutti, P.C., 8 Interplex Drive, Suite 210, Feasterville-Trevose, PA 19053; 215-639-0801; akarpf@karpf-law.com

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

| | |
|---|---|
| ☐ 1 U.S. Government Plaintiff | ☒ 3 Federal Question *(U.S. Government Not a Party)* |
| ☐ 2 U.S. Government Defendant | ☐ 4 Diversity *(Indicate Citizenship of Parties in Item III)* |

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ | | **INTELLECTUAL PROPERTY RIGHTS** | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | Pharmaceutical Personal Injury | | ☐ 820 Copyrights | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | Product Liability | | ☐ 830 Patent | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 835 Patent – Abbreviated New Drug Application | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | | ☐ 840 Trademark | ☐ 460 Deportation |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | **LABOR** | ☐ 880 Defend Trade Secrets Act of 2016 | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | ☐ 710 Fair Labor Standards Act | | ☐ 480 Consumer Credit (15 USC 1681 or 1692) |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | ☐ 720 Labor/Management Relations | **SOCIAL SECURITY** | ☐ 485 Telephone Consumer Protection Act |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice | ☐ 385 Property Damage Product Liability | ☐ 740 Railway Labor Act | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 196 Franchise | | | ☐ 751 Family and Medical Leave Act | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ Exchange |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 790 Other Labor Litigation | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | ☐ 791 Employee Retirement Income Security Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| ☐ 230 Rent Lease & Ejectment | ☒ 442 Employment | ☐ 510 Motions to Vacate Sentence | | **FEDERAL TAX SUITS** | ☐ 895 Freedom of Information Act |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 896 Arbitration |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** | ☐ 462 Naturalization Application | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 448 Education | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions | | |
| | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

| | | | | | |
|---|---|---|---|---|---|
| ☒ 1 Original Proceeding | ☐ 2 Removed from State Court | ☐ 3 Remanded from Appellate Court | ☐ 4 Reinstated or Reopened | ☐ 5 Transferred from Another District *(specify)* | ☐ 6 Multidistrict Litigation - Transfer | ☐ 8 Multidistrict Litigation - Direct File |

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
Title VII (42USC2000)

Brief description of cause:
Violations of Title VII, PHRA and PWCL.

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND:   ☒ Yes   ☐ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*

JUDGE _____   DOCKET NUMBER _____

DATE   3/30/2026

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____